UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                     Case No.:  3:12CV162

DEER RUN VILLAS, LTD.,

        Defendant.
_____/

## REAL ESTATE MORTGAGE FORECLOSURE COMPLAINT

The United States of America, Plaintiff, on behalf of the United States Department of Agriculture, Rural Development, through the undersigned attorney, brings this action to foreclose two real estate mortgages, stating:

1. This action is brought by the United States of America as Plaintiff and jurisdiction is pursuant to Title 28, United States Code, Section 1345.

2. According to Plaintiff's information and belief, Defendant, Deer Run Villas, Ltd., is a Florida limited partnership created under the Florida Revised Limited Partnership Act, FSA 620.101, *et seq.,* with general partners, limited partners and a special limited partner as follows:

    Stanley Carver, General Partner, Deer Run Villas, Ltd., 6333 Woodward Lane, Milton, Florida, 32570;

    S. Ellen Carver, General Partner, Deer Run Villas, Ltd., 6333 Woodward Lane, Milton, Florida, 32570;

    David Waldron Bomboy, Limited Partner, Deer Run Villas, Ltd., 17 Brighton Court Hattiesburg, Mississippi 39401;

    William J. Dimattia, Limited Partner, Deer Run Villas, Ltd., 10345 Pecue Lane, Baton Rouge, Louisiana 70810;

    Herbert R. Dyer, Limited Partner, Deer Run Villas, Ltd., 5945 Forsythia Avenue, Baton Rouge, Louisiana 70808;

    Robert C. Graham, Limited Partner, Deer Run Villas, Ltd., 10451 Mammoth Avenue, Baton Rouge, Louisiana 70814;

    George McLanahan Knefely, Limited Partner, Deer Run Villas, Ltd., 2862 Blackshear Avenue, Pensacola, Florida 32503;

    Gertrude M. Lacour, Limited Partner, Deer Run Villas, Ltd., Post Office Box 39, Morganza, Louisiana 70759; and,

    ISI Investment Associates, II, c/o Investment Services, Inc., Special Limited Partner, Deer Run Villas, Ltd., 192 Meadowbrook Road, Weston, Massachusetts 10293.

In accordance with Florida Statute 48.061(2), process against Defendant may be served on any general partner and is valid as if served on each member of the partnership.  Defendant is subject to the jurisdiction of this Court.

    3.  Defendant is indebted to Plaintiff for a Rural Rental Housing loan, pursuant to Section 515 of the Housing Act of 1949, as amended 42 U.S.C. Section 1485, as implemented by 7 CFR 1944-B, 7 CFR 1930-C and 7 CFR 1965-B.  The covenants, provisions and terms of that indebtedness are contained, in part, within a Loan Agreement executed by Defendant dated March 30, 1983.  A copy of the Loan Agreement is attached hereto as exhibit A and is incorporated herein.

    4.  The indebtedness of Defendant is evidenced by a Promissory Note executed, made and delivered on June 19, 1984, in the principal sum of $535,750.00 payable to Plaintiff.  A copy of the Promissory Note is attached hereto as exhibit B and incorporated herein.

    5.  In accordance with the indebtedness and pursuant to the Housing Act of 1949, as amended and with the applicable regulations cited above, Defendant executed an Interest Credit and Rental Assistance Agreement, effective December 1, 1984, applicable to the Promissory Note.  A copy of the Interest Credit and Rental Assistance Agreement is attached hereto as exhibit C, and incorporated by reference herein.

6. In order to secure payment of the Promissory Note, Defendant made, executed and delivered to Plaintiff a Real Estate Mortgage executed on June 19, 1984, encumbering certain real property situated and being in Santa Rosa County, Florida.  The Real Estate Mortgage was recorded on June 19, 1984, in the Official Records of Santa Rosa County, Florida, at Book 692, Page 775.  A copy of the Real Estate Mortgage is attached hereto as D, and incorporated by reference herein.

7. Defendant is indebted to Plaintiff for a Rural Rental Housing loan, pursuant to Section 515 of the Housing act of 1949 as amended and with the applicable regulations cited above.  The covenants, provisions and terms of that indebtedness are contained, in part, within a Loan Agreement executed by Defendant, dated November 29, 1994.  A copy of the Loan Agreement is attached hereto as exhibit E, and incorporated by reference herein.

8. The indebtedness of Defendant is also evidenced by a Promissory Note executed, made and delivered on November 29, 1994, in the principal amount of $54,620.00, payable to Plaintiff.  A copy of the Loan Agreement is attached hereto as exhibit F, and incorporated by reference herein.

9. In accordance with the indebtedness and pursuant to the Housing Act of 1949, as amended and with the applicable regulations cited above, Defendant executed an Interest Credit and Rental Assistance Agreement, executed on November 29, 1994, applicable to the Promissory Note.  A copy of the Interest Credit and Rental Assistance Agreement is attached hereto as exhibit G, and incorporated by reference herein.

10. In order to secure payment of the Promissory Note, Defendant made, executed and delivered to Plaintiff a Real Estate Mortgage executed on November 29, 1994, encumbering certain real property situated and being in Santa Rosa County, Florida.  The Real Estate

Mortgage was recorded on November 29, 1994, in the Official Records of Santa Rosa County, Florida, at Book 1448, Page 982.  A copy of the Real Estate Mortgage is attached hereto as H, and incorporated by reference herein.

      11.  Defendant defaulted upon the covenants, provisions and terms of the Loan Agreements, Promissory Notes and Real Estate Mortgages by failing and refusing to perform and comply with conditions and provisions under the United States Department of Agriculture Multi-family Housing Program regulations, including the following:

          a.  Equity skimming;

          b.  Improper return on investment through improper equity adjustments;

          c.  Delinquent reserve account;

          d.  Management expenses improperly charged to the housing project;

          e.  Improper return on investment paid by cashing out a reserve account without countersignature;

          f.  Late and outstanding tenant certification fee of $1,000.00; and

          g.  Unexplained note payable in the 2009 audit.

      12.  Defendant's actions have resulted in poorly maintained loan accounts which have devalued Plaintiff's security property and devalued quality-of-life to the tenants, thereby defeating the purpose for which Plaintiff made the Rural Rental Housing loans to Defendant.

      13.  Predicated on said defaults, Plaintiff, pursuant to the covenants, provisions and terms of the Loan Agreements, Promissory Notes and Real Estate Mortgages, accelerated the indebtedness on January 5, 2012, sending the Acceleration Notices to the General Partners, Limited Partners and Special Limited Partner of Defendant.  Copies of the Acceleration Notices are attached hereto as exhibits I through Q.

14. By reason of said failures, defaults and acceleration, Plaintiff has elected and does hereby elect to declare the entire principal amount of the Promissory Notes due and payable.  As of January 5, 2012, the date of the Acceleration Notices, the indebtedness due was $540,248.78 unpaid principal; $591.21 unpaid interest; and, any advances made by Plaintiff to protect its security, as well as the amount of any subsidy recapture.  Additional interest was accruing at the rate of $155.41 per day.

15. As of June 30, 2012, the amount owing was $546,922.34 (unpaid principal) and $13,910.02 (unpaid interest), with a daily interest accrual rate of $155.75.  An affidavit showing the amounts due is attached hereto as exhibit R.

16. Plaintiff's real estate mortgages are first and second liens, which are superior to all other liens against the property and against any right, title or interest of Defendant in said real property.

17. Fee simple title to the real property is vested in Defendant.

18   Any and all loan servicing actions required by applicable statutes and regulations which may be conditions precedent to proceeding with this foreclosure have been performed.

WHEREFORE, Plaintiff United States of America, respectfully demands judgment as follows:

1. An accounting of what is due Plaintiff based upon the Loan Agreements, Promissory Notes and Real Estate Mortgages;

2. That possession of the mortgaged property be granted to Plaintiff.

3. That the real estate be decreed to be sold according to law and the proceeds from the sale be deposited into the registry of the Court for disbursement by further order of this Court;

4.  That Plaintiff be paid the amount due on the Loan Agreements, Promissory Notes and Real Estate Mortgages with interest at the time of such payment, and the costs and disbursements of this action, and the expenses of the sale be paid, together with any amounts which have been or may be advanced by Plaintiff to protect the security afforded by the Loan Agreements, Promissory Notes and Real Estate Mortgages, with interest thereon from time of such payment;

5.  That Plaintiff be granted such other and further relief as this Court deems just and proper.

        PAMELA C. MARSH
        UNITED STATES ATTORNEY

        s/*Paul Alan Sprowls*

        Paul Alan Sprowls
        Assistant United States Attorney
        111 North Adams Street, 4th Floor
        Tallahassee, Florida 32301
        (850) 942-8430

Dated:  April 11, 2013