Form FmHA 440-16
(Rev. 1-10-75)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

PROMISSORY NOTE

| KIND OF LOAN | |
|---|---|
| Type: Section 515 - RRH | |
| Pursuant to: | |
| ☐ Consolidated Farm and Rural Development Act. | |
| ☒ Title V of the Housing Act of 1949. | |

| STATE | FLORIDA |
|---|---|
| COUNTY | SANTA ROSA |
| CASE NO. | 09-57-25261901 |

Date _____ June 19 _____, 19 84.

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government") at its office in Suite #4, First Federal Building, 728 North Ferdon Boulevard, Crestview, Florida  32536,

THE PRINCIPAL SUM OF FIVE HUNDRED THIRTY-FIVE THOUSAND SEVEN HUNDRED FIFTY & NO/100 - -

DOLLARS ($ 535,750.00 - - - - - - - - - - - - - - ), plus INTEREST on the UNPAID PRINCIPAL of

TEN AND THREE-FOURTHS - - - - PERCENT ( 10 3/4 %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of four alternatives as indicated below: (check one)

☐ I.   Principal and Interest payments shall be deferred. The first installment shall be all accrued interest and shall be due on _____, 19 __ . Payment of Principal and later accrued Interest shall be in _____ installments as indicated in the box below;

☐ II.   Principal and Interest payments shall be deferred. The interest accrued to _____, 19 ____ shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☒ III.  Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the NINETEENTH of each MONTH beginning on JULY 19, 19 84, through JUNE 19, 19 85, Principal and later accrued Interest shall be paid in 588 installments as indicated in the box below;

☐ IV.  Payments shall not be deferred. Principal and Interest shall be paid in _____ installments as indicated in the box below:

$ 4,828.00 on JULY 19, 19 85, and
$ 4,828.00 thereafter on the NINETEENTH of each MONTH
until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and PAYABLE FIFTY - - - - - - - ( - - - - - 50 ) YEARS from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

B

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest computed to the effective date of the payment and then to principal.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7 C.F.R. 1861.2) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Borrower agrees that the Government at any time may assign this note and insure the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

Borrower hereby certifies that he is unable to obtain sufficient credit elsewhere to finance his actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower (a) will personally operate such property as a farm with his own and his family's labor if this is an FO loan, or (b) will personally occupy and use such property if this is an RH loan on a "nonfarm tract" or a section 504 RH loan.

**REFINANCING AGREEMENT:** If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

**DEFAULT:** Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "KIND OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

LIABILITY HEREUNDER IS LIMITED TO THE ASSETS OF THE PARTNERSHIP.

Presentment, protest, and notice are hereby waived.

DEER RUN VILLAS, LTD. _____ (SEAL)
A Limited Partnership     (BORROWER)
BY: *Ralph S. Carver* _____ (SEAL)
RALPH S. CARVER
General Partner

Route 3, Box 291

Milton   FL   32570

| RECORD OF ADVANCES ||||||
| AMOUNT | DATE || AMOUNT | DATE || AMOUNT | DATE ||
|---|---|---|---|---|---|---|---|---|
| (1) $ 26,000.00 | 6-19-84 | JG | (8) $ 6,580.47 | 12-18-84 | JG | (15) $ 8,783.00 | 4-30-85 | JG |
| (2) $126,772.00 | 9- 7-84 | JG | (9) $ 2,317.00 | 12-18-84 | JG | (16) $ | | |
| (3) $137,309.00 | 10- 9-84 | JG | (10) $41,180.30 | 12-18-84 | JG | (17) $ | | |
| (4) $128,465.00 | 11- 2-84 | JG | (11) $22,364.10 | 12-18-84 | JG | (18) $ | | |
| (5) $ 1,000.00 | 11-29-84 | JG | (12) $ 1,000.00 | 12-26-84 | JG | (19) $ | | |
| (6) $ 500.00 | 12-10-84 | JG | (13) $ 6,764.50 | 2- 1-85 | JG | (20) $ | | |
| (7) $ 25,271.90 | 12-10-84 | JG | (14) $ 1,442.73 | 3- 4-85 | JG | (21) $ | | |
| | | | | | TOTAL | $ 535,750.00 | 4-30-85 | JG |

☆U.S.GPO:1979-0-665-052/37

Position 2     FmHA 440-16 (Rev. 11-10-75)

SEP 4 1984

| Form FmHA 460-10 (Rev. 1-6-81) | KIND OF LOAN | | STATE FLORIDA |
|---|---|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE FARMERS HOME ADMINISTRATION | ☐ FO ☐ FO-NFE ☐ SW (Ind.) ☐ RL ☐ EM ☐ OTHER | ☐ RH ☒ RRH ☐ LH ☐ OL ☐ EO | COUNTY SANTA ROSA |
| | | | CASE NO. 09-57-25261901 |
| NEW PROMISE TO PAY | | | LOAN CODE 84-01 |
| | | | SOURCE OF FUNDS ☒ INSURED ☐ DIRECT |

For value received, the undersigned jointly and severally:

1. ~~Waive any defense the undersigned may have under the Bankruptcy Code (Title 11, U.S. Code), the Federal statute of limitations (28 U.S.C. §2415), or under any Federal or State insolvency law with respect to the indebtedness hereinafter described.~~

2. Acknowledge liability for, reaffirm, and ~~promise~~ to pay to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, or the Commodity Credit Corporation, an instrumentality of the United States of America, as the case may be, at the county office address set forth below, the total unpaid balance of the indebtedness incurred under the instruments of debt and related security instruments described as follows:

### PROMISSORY NOTE, ASSUMPTION AGREEMENT OR OTHER INSTRUMENT OF DEBT

| Instrument | Date | Executed By | Original Payee | Principal Amount |
|---|---|---|---|---|
| Promissory Note | 6-19-84 | Deer Run Villas, Ltd. | USDA/FmHA | $535,750.00 |

### MORTGAGE OR OTHER SECURITY INSTRUMENT

| Instrument | Date | Executed By | Secured Party | Recording Data |
|---|---|---|---|---|
| Mortgage | 6-19-84 | Deer Run Villas, Ltd. | USDA/FmHA | O.R. Book 692 Pg 775 |
| Financing Statement | " | " | " | O.R. Book 692 Pg 780 |
| Financing Statement | " | " | " | Sec/State #1840109282 |
| Security Agreement | 6-19-84 | " | " | na |

Deer Run

3. Agree to pay said indebtedness in accordance with the terms of said instrument and any supplementary agreements, as amended below, except that any indebtedness now past due under the terms of said instrument and any supplementary agreement shall be due and payable on the date hereof. Otherwise, all provisions of said instrument shall continue in full force and effect.

4. ~~The undersigned agree that this agreement is executed previous to or is in ratification of an agreement made previous to the date of discharge in a case in which the undersigned sought an order for relief under the Bankruptcy Code of 1978 (Title 11, United States Code).~~

5. The undersigned further agree(s) that this New Promise to Pay is executed voluntarily and with the understanding that by executing this agreement the undersigned will not be released or discharged from personal liability on the obligation(s) referred to in paragraph 2 hereof, ~~that this agreement may be rescinded by the undersigned within thirty (30) days from the date of execution and that this agreement is entered into with advice of counsel.~~

I/we understand that default under this agreement constitutes default under the referenced Promissory Note and/or Assumption Agreement.

I/we herewith agree to use of the predetermined amortized payment schedule method and the amendment of the referenced Promissory Note and/or Assumption Agreement to read:

THE PRINCIPAL SUM OF FIVE HUNDRED THIRTY-FIVE THOUSAND SEVEN HUNDRED FIFTY - - DOLLARS ($ 535,750 ), plus INTEREST on the PRINCIPAL OF TEN AND THREE-FOURTHS PERCENT ( 10.75 %) PER ANNUM.

The monthly payment under the predetermined amortized payment schedule method will be $ _____ . I/we shall start making payment when notified of the conversion date by Farmers Home Administration, and thereafter the effective due date for each monthly payment will be the 1st day of each month. The final due date of the loan is not changed.

Payments of principal and interest shall be applied and the late charges shall be assessed in accordance with FmHA's accounting procedures in effect on the date of receipt of the payment.

I/we agree that as of 6-19-84 (Date) I/we have paid on this loan:
$ Ø Interest and $ Ø Principal and that the principal balance under the present payment application method is $ 535,750.00 . I/we agree that I/we have had an opportunity to examine the formula which will be used to convert this account at the balances shown above, altered only by payments made between the referenced date and the date of conversion, and further agree that I/we will not contest the new principal balance determined by the mathematical formula which will convert this account to a predetermined amortized payment schedule. I/we agree that this account will be converted to a predetermined amortized schedule from 6-19-84 .

Upon the date of conversion, the Interest Credit Agreement presently in effect is amended to read:

Notwithstanding any other provisions of this Agreement, the Government shall compute interest on the borrower's account at the promissory note rate and will credit $3,672.00 subsidy, less surcharge/overage, to the borrower's account when each MONTHLY payment of $4,824.90 is made. The borrower's payment shall be $1,152.90 plus surcharge/overage.

I/we further agree that should this account become delinquent before the date of conversion this agreement is null and void and the account will not be converted.

(CORPORATE SEAL)

DEER RUN VILLAS, LTD.
(Name of Borrower)
BY: _____
(Signature & Title Of Executive Official)
RALPH S. CARVER, General Partner
Route 3, Box 291, Milton FL  32570
(Address)

(Signature & Title Of Attesting Official)

UNITED STATES OF AMERICA/FARMERS HOME ADMINISTRATION:

by: _____       Date: 8-29-84

My commission expires 11/28/87

JACQUELYN L. DeANGELO
Notary Public