USDA-FmHA
Form FmHA 427-1 FL
(Rev. 8-11-81)

*Position 5*

The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, Washington, D.C., and the material in the blank spaces in the form was inserted by or under the direction of.

BOOK **692** PAGE **775**

SANTA ROSA COUNTY, FLA

Jack Locklin, Jr.

(Name)

P. O. Box 605, Milton, Florida 32572

(Address)

# REAL ESTATE MORTGAGE FOR FLORIDA

THIS MORTGAGE is made and entered into by DEER RUN VILLAS, LTD., a Limited Partnership

residing ___ Santa Rosa ___ County, Florida, whose post office address

is Route 3, Box 291 ___ Milton ___, Florida 32570

the mortgagor(s), herein called "Borrower," and the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, the mortgagee, whose principal office is located in Washington, D.C.; herein called the "Government," and:

WHEREAS Borrower is justly indebted to the Government as evidenced by one or more certain promissory note(s) or assumption agreement(s), herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| June 19, 1984 | $535,750.00 | 10.75% | June 19, 2034 |

The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument will be increased after 3 years, as provided in the Farmers Home Administration regulations and the note.

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or any other statutes administered by the Farmers Home Administration.

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures future advances made within twenty (20) years from date hereof to anyone herein called Borrower when evidenced by a note or notes covering loans made or insured under Subtitle A of the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 or any other statutes administered by the Farmers Home Administration provided the total principal indebtedness of the original and future loans shall not exceed

$ 535,750.00 ___, subject to the same terms and condition regarding the assignment of said notes hereinabove provided and all references in this instrument to the "note" shall be deemed to include future notes.

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby grant, bargain, sell, convey, mortgage, assign and forever warrant unto the Government the following property situated in the

State of Florida, County(ies) of Santa Rosa ___ :

FmHA 427-1 FL (Rev. 8-11-81)

D

PROPERTY DESCRIPTION SHOWN ON SCHEDULE "A" ATTACHED.

BOOK 692 PAGE 776

SANTA ROSA COUNTY, FLA.

NOTE:  The property described herein was obtained or improved through Federal financial assistance.  This property is subject to the provisions of Title VI of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973 and the regulations issued pursuant thereto for so long as the property continues to be used for the same or similar purpose for which financial assistance was extended or for so long as the purchaser owns it, which-ever is longer.

This instrument also secures the obligations and covenants of Borrower set forth in Borrower's loan Resolution (Loan Agreement) of <u>March 20, 1983,</u> which is hereby incorporated herein by reference.

The borrower and any successors in interest agree to use the housing for the purpose of housing people eligible for occupancy as provided in Section 515 of Title V of the Housing Act of 1949 and FmHA regulations then extant during this 20 (15 years for unsubsidized and 20 years for subsidized loans) year period beginning 6-19-84 ( the date the last loan on the project is closed.  No person occupying the housing shall be required to vacate prior to the close of such 20 (15 years for unsubsidized and 20 years for subsidized loans) year period because of early repayment.  The borrower understands that should an unsubsidized project be converted to subsidized with 15 years from the date the last loan on the project is closed that the period will be increased by 5 years.  The borrower will be released during such period from these obligations only when the Govern-ment determines that there is no longer a need for such housing or that Federal or other

together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harm-less the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Govern-ment, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the pre-servation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government as described by this instrument, with interest, shall be immediately due and pay-able by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Govern-ment determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

financial assistance provided to the residents of such housing will no longer be provided. A tenant may seek enforcement of this provision as well as the Government.

CR
BOOK 692 PAGE 777

EXHIBIT "A"    SANTA ROSA COUNTY, FLA.

A portion of the East ½ of the East ½ of the Southwest ¼ of the Southwest ¼ of Section 10, Township 1 North, Range 29 WEst, Santa Rosa County, Florida, less and except right of way for SR 10 (U.S. Hwy 90); described as follows:

Commence at the Southwest corner of said Section 10, Township 1 North, RAnge 29 West, thence run South 88 degrees 44' 17" East for 658.42 feet; thence run North 1 degree 23' 55" East for 65.05 feet to a Point on the North R/W line of S.R. 10 (U.S. Hwy 90); thence run Easterly along said R/W line on a curve concave to the South (R=5575.45 feet) thru a central angle of 3 degrees 23' 40" for an arc distance of 330.31 feet to the Point of Beginning; thence continue along said R/W line on same curve thru a central angle of 1 degree 19' 45" for an arc distance of 129.34 feet; thence runN1 degree 24' 54" East for 344.97 feet; thence run South 88 degrees 35' 06" East for 150.00 feet; thence run North 1 degree 24' 54" East for 235.00 feet; thence run North 88 degrees 35' 06" West 279.31 feet; thence run south 1 degrees 24' 25" WEst for 585.00 feet to the Point of Beginning.

C Intangible Tax Due

Gerald F. Barnes,
Clerk Circuit Court



(9)  To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)  To comply with all laws, ordinances, and regulations affecting the property.

(11)  To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to cost of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.  BOOK 092 PGE 718

(12)  Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as beneficiary hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)  At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)  The Government may (a) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced to the Government secured by this instrument, (b) release any party who is liable under the note or for the debt from liability to the Government, (c) release portions of the property and subordinate its lien, and (d) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government--whether once or often--in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)  If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)  Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)  SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be declared a bankrupt or an insolvent, or make an assignment for the benefit of the creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18)  The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)  Borrower agrees that the Government will not be bound by any present or future laws, (a) providing for valuation, appraisal, or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20)  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, or national origin.

(21)  This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(22) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Gainesville, Florida 32601, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(23) Borrower will at all times properly fertilize, cultivate, care for, and maintain in a productive condition all the grove and orchard trees now on the property or hereafter planted thereon, and will protect the groves and orchards against loss or damage by fire by making and maintaining proper firebreaks on and around the property, to the satisfaction of the Government, and in the event Borrower fails so to do, the Government is hereby authorized and empowered to enter in and upon the premises and to fertilize, cultivate, care for, and place in a productive condition the groves and orchards and make and maintain firebreaks on and around the same and the cost and expense thereof shall be paid by Borrower immediately upon presentation of an itemized statement thereof and if not so paid same may be paid by the Government, in accordance with and subject to the provisions of this mortgage; and Borrower will not top-work the grove or orchard trees without first obtaining the written consent of the Government.

(24) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this _____ 19 _____ day of _____ June _____, 19 84.

BOOK 692 PAGE 779

SANTA ROSA COUNTY, FLA

DEER RUN VILLAS, LTD.

_____ (SEAL)

BY _____ (SEAL)
RALPH S. CARVER, General Partner

## ACKNOWLEDGEMENT

STATE OF FLORIDA } ss:
COUNTY OF  Santa Rosa

I HEREBY CERTIFY, that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, personally appeared _____ Ralph S. Carver _____ xxxx

_____, to me known to be the person(s) described in and executed the foregoing instrument and _____ he _____ acknowledged me that ____he ____ executed the same.

Witness my hand and official seal in the County and State last aforesaid this _____ 19 _____ day of _____ June _____, A. D., 19 84.

_____
Notary Public.

(SEAL)

My commission expires: 11/14/1985