UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

Form FmHA 1944-34
(Rev. 3-94)

FORM APPROVED
OMB NO. 0575-0047

# LOAN AGREEMENT

☐ RRH Loan to a Partnership Operating on a Profit Basis
☐ RRH Loan to a Limited Partnership Operating on a Profit Basis
☐ RRH Loan to a Partnership Operating on a Limited Profit Basis
☒ RRH Loan to a Limited Partnership Operating on a Limited Profit Basis

1. **Parties and Terms Defined.** This agreement dated November 29, 1994 of the DEER RUN VILLAS, LTD., a Partnership, duly organized and operating under Florida Statutes, herein called "Partnership", whose post office address is 119 Lambert Street Milton, FL 32570, with the United States of America acting through the Farmers Home Administration, United States Department of Agriculture, herein called "the Government", is made in consideration of a loan, herein called "the loan", to Partnership in the amount of $ 54,620.00 made or insured, or to be made or insured, by the Government pursuant to sections 515 (b) of the Housing Act of 1949 to ~~build~~ pay sewer connection fees and associated costs for a RRH project. The loan may be sold and insured by the Government. The loan shall be used solely for the specific eligible purposes for which it is approved by the Government in order to provide rental housing and related facilities for eligible occupants, as defined by the Government in rural areas. Such housing and facilities and the land constituting the site as herein called "the housing". The indebtedness and other obligations of the Partnership under the note evidencing the loan, the related security instrument and any related agreement are herein called the "loan obligations".

2. **Execution of Loan Instruments.** To evidence the loan the Partnership shall issue a promissory note (herein referred to as "the note"), signed by the Partnership, on behalf of the Partnership for the amount of the loan, payable in installments over a period of _____ years, bearing interest at a rate, and containing other terms and conditions, prescribed by the Government. To secure the note or any indemnity or other agreement required by the Government. The Partnership is to execute a real estate security instrument giving a lien upon the housing and upon such other real property of the Partnership as the Government shall require, including an assignment of the rents, subsidies, revenues and profits as collateral security to be enforced in the event of any default by the Partnership, and containing other terms and conditions prescribed by the Government. The Partnership is to execute any other security instruments and other instruments and documents required by the Government in connection with the making or insuring of the loan. The indebtedness and other obligations of the Partnership under the note, the related security instrument, and any related agreement are herein called the "loan agreement."

3. **Equal Opportunity and Nondiscrimination Provisions.** The General Partners are hereby authorized and directed to execute on behalf of the Partnership (a) any undertakings and agreements required by the Government pursuant to Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Amendments Act of 1988 related to Fair Housing regarding nondiscrimination in the use and occupancy of housing, (b) Farmers Home Administration Form FmHA 400-1 entitled "Equal Opportunity Agreement," including an "Equal Opportunity Clause" to be incorporated in or attached as a rider to each construction contract the amount of which exceeds $10,000 and any part of which is paid for with funds from the loan, and (c) Farmers Home Administration Form FmHA 400-4, entitled "Assurance Agreement (Under Title VI, Civil Rights Act of 1964)", a copy of which is attached hereto and made a part thereof, and any other undertakings and agreements required by the Government pursuant to lawful authority.

4. **Borrower Contribution.** The amount of $ 2,880.00 to be contributed by the Partnership from its own funds for the land purchase or development will be placed or deposited with the lender and dispersed prior to any disbursement of interim loan funds or any FmHA loan funds.

---

*Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Agriculture, Clearance Officer, OIRM, AG Box 7630, Washington, D.C. 20250; and to the Office of Management and Budget, Paperwork Reduction Project (OMB No. 0575-0047), Washington, D.C. 20503. Please DO NOT RETURN this form to either of these addresses. Forward to FmHA only.*

E

5. <u>Accounts for Housing Operations and Loan Servicing</u>. The Partnership shall establish on its books the following accounts, which shall be maintained so long as the loan obligations remain unsatisfied: a General Operating Account, a Tenant Security Deposit Account and a Reserve Account.

   a. <u>General Operating Account</u>. By the time the Farmers Home Administration loan is closed or interim funds are obtained, whichever occurs first, the Partnership shall provide cash from the Borrower's own funds in an amount totaling $ 2,880.00 . Use of deposited cash will be in accordance with FmHA Regulation 7 CFR 1930-C.

   b. <u>Reserve Account</u>. Transfers at a rate not less than $ 547.00 annually shall be made to the Reserve Account until the amount in the Reserve Account reaches the minimum sum of $ 5,462.00 or such higher amount later agreed to with FmHA and shall be resumed at any time when necessary, because of FmHA authorized disbursements from the Reserve Account to restore it to said sum. Withdrawal and use of funds deposited to this account will be in accordance with FmHA Regulation 7 CFR 1930-C. With prior consent of the Government, funds in the Reserve Account may be used by the Partnership:

   To pay dividends to the partners of up to 8 percent per annum of the borrower's initial investment of $ 2,880.00 provided the Partnership determines that after such disbursement (a) the amount in the Reserve Account will be not less than that required by subsection 5b to be accumulated by that time (less any FmHA authorized disbursements), and (b) the amount in the Reserve Account will likely not fall below that required to be accumulated during the next 12 months.

   To pay dividends to partners or for any other purpose desired by the Partnership, provided the Partnership determines that after such disbursement (a) the amount in the Reserve Account will not be less than that required by subsection 5b to be accumulated by that time (less any FmHA authorized disbursements), and (b) the amount in the Reserve Account will likely not fall below that required to be accumulated during the next 12 months.

6. <u>Regulatory Covenants</u>. So long as the loan obligations remain unsatisfied, the Partnership shall comply with all appropriate FmHA regulations and shall:

   a. Impose and collect such fees, assessments, rents, and charges that the income of the housing will be sufficient at all times for operation and maintenance of the housing, payments on the loan obligations, and maintenance of the accounts herein provided for.

   b. Establish and maintain complete books and records relating to the housing's financial affairs, cause such books and records to be audited at the end of each fiscal year, promptly furnish the Government without request a copy of each audit report, and permit the Government or its representative to inspect such books and records at all reasonable times.

   c. If required or permitted by the Government, revise the accounts herein provided for, or establish new accounts, to cover handling and disposition of income from and payment of expenses attributable to the housing or to any other property securing the loan obligations, and submit regular and special reports concerning the housing or financial affairs.

   d. Agree that if any provisions of its organizational documents or any verbal understandings conflict with the terms of this loan agreement, the terms of the loan agreement shall prevail and govern.

   e. Unless the Government gives prior consent:

      (1) Not use the housing for any purpose other than as rental housing and related facilities for eligible occupants.

      (2) Not enter into any contract or agreement for improvements or extensions to the housing or other property securing the loan obligations.

      (3) Not change the membership by either the admission or withdrawal of any general partner(s) nor <u>permit general partner(s) to maintain less than an aggregate of 5 percent, financial interest in the organization</u> nor cause or permit voluntary dissolution of the Partnership nor cause or permit any transfer or encumbrance of title to the housing or any part thereof or interest therein, by sale, mortgage, lease, or otherwise.

   (4) Not borrow any money, nor incur any liability aside from current expenses as defined in section 7 which would have a detrimental effect on the housing.

   f. Submit for the housing the required reports as per FmHA Regulation 7 CRF Part 1930-C to the Government for prior review.

   g. If required by the Government, modify and adjust any matters covered by clause (f) of this section.

   h. Comply with all its agreements and obligations in or under the note, security instrument, and any related agreement executed by the Partnership in connection with the loan.

   i. Not alter, amend, or repeal without the Government's consent this agreement or the Partnership Agreement, which shall constitute parts of the total contract between the Partnership and the Government relating to the loan obligations.

   j. Do other things as may be required by the Government in connection with the operation of the housing, or with any of the Partnership's operations or affairs which may affect the housing, the loan obligations, or the security.

   k. If the return on investment for any year exceeds 8 percent annum of Partnership's initial investment of $ 2,880.00 , the Government may require that the borrower reduce rents the following year and/or refund the excess return on the investment to the tenants or use said excess in a manner that will best benefit the tenants.

7. General Provisions.

   a. It is understood and agreed by the Partnership that any loan made or insured will be administered subject to the limitations of the authorizing act of Congress and related regulations, and that any rights granted to the Government in this agreement or elsewhere may be exercised by it in its sole discretion.

   b. The provisions of this agreement are representations to the Government, to induce the Government, to make or insure a loan to the Partnership as aforesaid. If the Partnership should fail to comply with or perform any provision of this agreement or any requirement made by the Government pursuant to this agreement, such failure shall constitute default as fully as default in payment of amounts due on the loan obligations. In the event of such failure, the Government at its option may declare the entire amount of the loan obligations immediately due and payable and, if such entire amount is not paid forthwith, may take possession of and operate the housing and proceed to foreclose its security and enforce all other available remedies.

   c. Any provisions of this agreement may be waived by the Government in its sole discretion, or changed by agreement between the Government and the Partnership, after this agreement becomes contractually binding, to any extent such provisions could legally have been foregone or agreed to in amended form, by the Government initially.

   d. Any notice, consent, approval, waiver or agreement must be in writing.

   e. This loan agreement shall be subject to the present regulations of the Farmers Home Administration and to its future regulations and provisions hereof.

   f. The Partnership agrees that no person with a handicap or disability will be subjected to discrimination in employment or denied the benefits of the housing because of such handicap or disability. It will comply with the requirements of the Fair Housing Act, 42, U.S.C. 3601 et seq., the Fair Housing Amendments Act of 1988, the Rehabilitation Act of 1973, 29 U.S.C. 794, and the implementing regulations of the Department of Agriculture, 7 C.F.R. 15b.

   g. This agreement may be cited in the security instrument and any other instruments as the "Loan Agreement" of    November 29,    , 19 94    .

*Position 2*                                                              FmHA 1944-34 (Rev. 3-94)

By:

_____

_____

_____

DEER RUN VILLAS, LTD.
PARTNERSHIP NAME

BY: *[signature]*
RALPH S. CARVER
General Partner

_____

_____

*U.S. Government Printing Office: 1994 — 555-047/80520