Form FmHA 1944-52
(Rev. 5-93)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

MULTIPLE FAMILY HOUSING

PROMISSORY NOTE

KIND OF LOAN
Title V of the Housing Act of 1949
☐ Sec. 523 or 524 Rural Housing Site
☐ Sec. 514 Labor Housing
☒ Sec. 515 Rural Rental Housing
☐ Subsequent loan to build or acquire new units
☐ Other Real Estate

STATE: FLORIDA
COUNTY: SANTA ROSA
CASE NO.: 09-057-592453769
PROJECT NO.: 01-4  (Loan 84-02)

Date __November 29__, 19_94_.

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government") at its office in _____ CRESTVIEW, FLORIDA _____,

THE PRINCIPAL SUM OF __FIFTY-FOUR THOUSAND SIX HUNDRED TWENTY AND NO/100ths - - - - - - -__ DOLLARS ($__54,620.00 - - - - - - - - - - - - - - - - - -__), plus INTEREST on the PRINCIPAL of __SIX AND ONE-HALF - - - - - -__ PERCENT (__6.5__%) PER ANNUM.

Payment of the Principal and Interest shall be as agreed between the Borrower and the Government as indicated below: (check one)

☒ I.  Principal and Interest payments shall be deferred. The interest accrued to __December 1__, 19_94_ shall be added to the Principal. The new Principal and later accrued Interest shall be payable in __599__ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of the new Principal herein $__54,629.87__ and the amount of regular installments in the box below, when determined:

☐ II.  Payments shall not be deferred. Principal and Interest shall be paid in _____ installments as indicated in the box below:

☐ III.  Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____ of each month beginning on _____, 19 ___, through _____, 19 ___.

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below:

| $__308.03__ | on __January 1,__ 19_94_, and |
| $__308.03__ | thereafter on the __First__ of each __Month__ |

until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and PAYABLE __Fifty__ (__50__) YEARS from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

($54,620.00 X 6.5% ÷ 360 days X 1 day = $9.8619 Capitalized Interest)

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of each advance in the Record of Advances.

Payments of principal and interest shall be applied in accordance with Farmers Home Administration's accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with Farmers Home Administration regulations in effect when a late charge is assessed.

PREPAYMENT OF THE FINAL INSTALLMENT IS PROHIBITED FOR SECTION 515 (RRH) LOANS MADE TO BUILD OR ACQUIRE NEW UNITS.

For other loans, prepayment of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower providing the loan is in a current status. Refunds and extra payments, as defined in the regulations of the Farmers Home Administration according to the source of funds involved, shall be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein. Prepayment restrictions must be considered if the Borrower is subject to these restrictions and the prepayment of scheduled installments will cause the loan to be repaid prior to the expiration of the restricted repayment period.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies inability to obtain sufficient credit elsewhere to finance the actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near the community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

TRANSFER OF TITLE: Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased (except individual units leased to tenants), assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.

GRADUATION PROVISIONS DO NOT APPLY TO SECTION 515 (RRH) LOANS MADE TO BUILD OR ACQUIRE NEW UNITS.

For other loans, GRADUATION AGREEMENT: If at any time is shall appear to the Government that the Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rate and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. When the Borrower is subject to prepayment restrictions, refinancing will not be required until such restrictions are exhausted.

CREDIT SALE TO INELIGIBLE BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification, and "Graduation Agreement" do not apply if (1) this promissory note represents in whole or in part, payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the Borrower as an ineligible Borrower under Title V of the Housing Act of 1949, as amended and regulations issued thereunder. As long as the promissory note remains unpaid, the property purchased with this loan shall not be sold or transferred, either voluntarily or involuntarily, unless the Government consents to such transaction in writing.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "KIND OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations and provisions hereof.

Presentment, protest, and notice are hereby waived.

No partner, either general or limited, will have any personal liability for the payment of all or any part of the indebtedness.

```
                                DEER RUN VILLAS, LTD.         (SEAL)
                                                  (BORROWER)
                           BY:  [signature: Ralph S. Carver]  (SEAL)
                                RALPH S. CARVER, General (BORROWER)
                                                  Partner
                                119 Lambert Street
                                Milton, FL  32570            (ADDRESS)
```

| RECORD OF ADVANCES |||||||
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 54,620.00 | 11/29/94 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ 54,620.00 | |

**CHECK ONE STATEMENT ONLY:**

__X__ I realize that because of recently passed legislation, I can elect to have the interest rate charged by FmHA to be the lower of the rate in effect at either the time of loan approval or loan closing.  I do so.

_____ I do not choose to have the interest rate charged by FmHA to be the lower of the rate in effect at either the time of loan approval or loan closing.. I realize that the interest rate will therefore be the rate in effect at the time of loan approval.

__11/29/94__
Date

DEER RUN VILLAS, LTD.

BY: _[signature]_____
RALPH S. CARVER, General Partner