28.50

USDA-FmHA
Form FmHA 1927-1 FL
(Rev. 8-94)

Position 5
The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, Washington, D.C., and the material in the blank spaces in the form was inserted by or under the direction of

Jack Locklin, Jr., Esq.
(Name)
6850 Highway 90, Milton, FL   32570
(Address)

** OFFICIAL RECORDS **
BK 1448 PG 982

REAL ESTATE MORTGAGE
FOR FLORIDA

FILE# 9438116
RCD: NOV 29 1994 @ 3:13 PM

THIS MORTGAGE is made and entered into by   DEER RUN VILLAS, LTD., A FLORIDA LIMITED PARTNERSHIP

residing in   SANTA ROSA   County, Florida, whose post office address is   119 LAMBERT ST., MILTON  , Florida   32570
the mortgagor(s), herein called "Borrower," and the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, the mortgagee, whose principal office is located in Washington, D.C.; herein called the "Government," and:

WHEREAS Borrower is justly indebted to the Government as evidenced by one or more certain promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 6/19/84 | $535,750.00 | 10.75% | 6/19/2034 |
| 11/29/94 | $54,620.00 | 6.5% | 11/29/2044 |

No Class C Intangible Tax Due

Mary M. Johnson
Mary M. Johnson
Clerk Circuit Court



The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or any other statutes administered by the Farmers Home Administration.

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to the Government against loss under its insurance contract by reason of any default by Borrower;

FmHA 1927-1 FL (Rev. 8-94)

H

** OFFICIAL RECORDS **
BK 1448 PG 983

And this instrument also secures future advances made within twenty (20) years from date hereof to anyone herein called Borrower when evidenced by a note or notes covering loans made or insured under Subtitle A of the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 or any other statutes administered by the Farmers Home Administration provided the total principal indebtedness of the original and future loans shall not exceed $ _____, subject to the same terms and condition regarding the assignment of said notes hereinabove provided and all references in this instrument to the "note" shall be deemed to include future notes.

And this instrument also secures the recapture of any deferred principal and interest or of any interest credit and subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §§ 1472(g) or 1490a, respectively, or any amount due under any shared Appreciation/ Recapture Agreement entered into pursuant to 7 U.S.C. § 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, and hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby grant, bargain, sell, convey, mortgage, assign and forever warrant unto the Government the following property situated in the

State of Florida, County(ies) of  SANTA ROSA

SEE EXHIBIT "A", ATTACHED HERETO AND MADE A PART HEREOF;

together with all rights (including the right to mining products, gravel, oil, gas, coal, or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stocks pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein- all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1) To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2) To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

EXHIBIT "A"     ** OFFICIAL RECORDS **
                    BK 1448 PG 984

A portion of the East half of the East half of the Southwest Quarter of the Southwest Quarter of Section 10, Township 1 North, Range 29 West, Santa Rosa County, Florida, less and except right of way for S.R. 10 (U.S. Hwy. 90), described as follows:

Commence at the Southwest corner of said Section 10, Township 1 North, Range 29 West, thence run South 88°44'17" East for 658.42 feet; thence run North 1°23'55" East for 65.05 feet to a point on the North right of way line of S.R. 10 (U.S. Hwy. 90); thence run Easterly along said right of way line on a curve concave to the South (R = 5575.45 feet) thru a central angle of 3°23'40" for an arc distance of 330.31 feet to the POINT OF BEGINNING; thence continue along said right of way line on same curve through a central angle of 1°19'45" for an arc distance of 129.34 feet; thence run North 1°24'54" East for 344.97 feet; thence run South 88°35'06" East for 150.00 feet; thence run North 1°24'54" East for 235.00 feet; thence run North 88°35'06" West 279.31 feet; thence run South 1°24'25" West for 585.00 feet to the POINT OF BEGINNING.

** OFFICIAL RECORDS **
BK 1448 PG 985

(3) If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4) Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government as described by this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

(7) To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8) To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9) To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home-management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to cost of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as beneficiary hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenant and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from Farm Credit Service, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in such cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

** OFFICIAL RECORDS **
BK 1448 PG 986

(19) Borrower agrees that the Government will not be bound by any present or future laws, (a) providing for valuation, appraisal or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time as provided for in 28 U.S.C. 2415 (a) within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, handicap, familial status or age and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, handicap, familial status or age.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22) Borrower will at all times properly fertilize, cultivate, care for, and maintain in a productive condition all the grove and orchard trees now on the property or hereafter planted thereon, and will protect the groves and orchards against loss or damage by fire by making and maintaining proper firebreaks on and around the property, to the satisfaction of the Government, and in the event borrower fails so to do, the Government is hereby authorized and empowered to enter in and upon the premises and to fertilize, cultivate, care for, and place in a productive condition the groves and orchards and make and maintain firebreaks on and around the same and the cost and expense thereof shall be paid by Borrower immediately upon presentation of an itemized statement thereof and if not so paid same may be paid by the Government, in accordance with and subject to the provisions of this mortgage; and Borrower will not top-work the grove or orchard trees without first obtaining the written consent of the Government.

(23) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(24) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Gainesville, Florida 32614-7010, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(25) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this _29_ day of _November_, 19_94_.

DEER RUN VILLAS, LTD.

By: _____ (SEAL)
Ralph S. Carver, as General Partner

_____ (SEAL)


ACKNOWLEDGMENT

STATE OF FLORIDA
COUNTY OF _Santa Rosa_

The foregoing instrument was acknowledged before me this _29_ day of November, 1994 by _Ralph S. Carver, as General Partner of Deer Run Villas, Ltd._, who is (are) personally known to me or who has (have) produced _on behalf of said partnership_ as identification and who did (did not) take an oath.

_____
NOTARY SIGNATURE

NOTARY SEAL
OR NOTARY STAMP

OSCAR JACKSON LOCKLIN JR
My Commi' CC338576
Expires Dec. 1997

NOTARY NAME TYPED, PRINTED OR STAMPED
COMMISSION EXPIRES: _____
SERIAL NUMBER, IF ANY: _____

OSCAR JACKSON LOCKLIN
My Commission CC338576
Expires Dec. 25, 1997

☆ U.S. Government Printing Office:1994-558-839

\*\* OFFICIAL RECORDS \*\*
BK 1448 PG 987

## ADDENDUM TO REAL ESTATE MORTGAGE FOR FLORIDA
(FMHA/DEER RUN VILLAS, LTD.)

### ADDITIONAL COVENANTS TO MORTGAGE

1) The property describe herein was obtained or improved through Federal financial assistance. This property is subject to the provisions of Title VI of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973 and the regulations issued pursuant thereto for so long as the property continues to be used for the same or similar purpose for which financial assistance was extended of for so long as the Borrower owns it, whichever is longer.

2) This instrument also secures the obligations and covenants of Borrower set forth in Borrower's Loan Agreement of November 29, 1994, which is hereby incorporated herein by reference.

3) The borrower and any successors in interest agree to use the housing for the purpose of housing people eligible for occupancy as provided in Section 515 of Title V of the Housing Act of 1949, and FmHA regulations then extant during the full term of the mortgage. No eligible person occupying housing will be required to vacate nor any eligible person denied occupancy for housing prior to the close of such period because of a prohibited change in the use of the housing. A tenant or person wishing to occupy the housing may seek enforcement of this provisions as well as the Government.

Initials:

_[signature]_
RSC

SANTA ROSA COUNTY, FLORIDA
MARY M JOHNSON, CLERK